IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**UNITED STATES OF AMERICA**                                                  **PLAINTIFF**

**v.**                                              **CRIMINAL CASE NO. S90-00053(P)**

**RICHARD JOSEPH LYNN**                                             **DEFENDANT**

**MEMORANDUM OPINION DENYING
MOTION TO TERMINATE SUPERVISED RELEASE**

Richard "Dickie" Lynn is serving ten years of supervised release following the approximately 30 years he spent incarcerated for charges related to smuggling cocaine into the United States. This Court has ruled against Lynn's requests to terminate his supervised release twice already: first based on the Section 3553 factors and then because his Mississippi supervised release was not automatically terminated upon the conclusion of his Alabama supervised release in 2021. Lynn has now filed another Motion [17] seeking the early termination of his supervised release. He does not, however, mention—much less wrestle with—this Court's prior analysis or explain how things are different now. To be sure, Lynn makes no attempt to introduce arguments regarding the Section 3553 factors, allege any new information that would impact the Court's prior analysis on these factors, or rebut the Government's opposition to his Motion. Instead, Lynn merely regurgitates, in a very brief fashion, the same arguments previously denied by this Court. Lynn's Motion for Early Termination of Supervised Release [17] is denied.

### I. BACKGROUND

This Court has addressed Lynn's criminal history in prior Opinions [8], [13] and since it has not changed, only a summary will be provided here. Lynn was first convicted of smuggling cocaine in Florida during the early 1980s. *Id.* at *1. Despite this, he continued engaging in criminal conduct as a

leader of a large smuggling operation in Alabama. *Id.* Lynn was once again apprehended in 1989, which led to him being sentenced to seven life sentences without the possibility of parole in the Southern District of Alabama. *Lynn v. United States*, 365 F.3d 1225, 1227 (11th Cir. 2004). Lynn escaped prison and picked up his smuggling business in Mississippi, where he was later taken into federal custody and convicted once again. In 1991, he was sentenced in the Southern District of Mississippi to ten years of imprisonment running concurrently with his prior life sentences and ten years of supervised release. *Lynn*, 2022 WL 2446328, at *1.

In 2020, Lynn was granted compassionate release, and his life sentences were reduced to time served. *United States v. Lynn*, No. 89-cr-0072-WS, 2020 WL 3229302 at *2. Upon his release, Lynn was ordered to serve ten years of supervised release based on the terms of his Alabama sentence. Approximately one year into Lynn's term of supervised release, the Southern District of Alabama granted Lynn's request to terminate his supervised release. *Lynn*, 2022 WL 2446328, at *1.

The term of supervised release at issue here arises out of Lynn's 1991 sentencing in Mississippi on charges for importing cocaine, which occurred during the period he had escaped from prison while serving his life sentences. Lynn has previously asked this Court for early termination of supervised release due to his behavior while on supervised release and compliance with all its conditions thus far. But this Court denied Lynn's Motion for Early Termination of Supervised Release [4], finding that compliance with the terms of release is not a sufficient reason to grant early termination and that the applicable factors under 18 U.S.C. § 3553(a) weighed against the granting of the motion. *See* [8].

Lynn is once again asking this Court to grant a Motion for Early Termination of Supervised Release [17]. The crux of Lynn's argument is that supervision is no longer necessary based on his success in transitioning back into society. Lynn claims that his compliance with the terms of supervised release, history of working, and close connection with his friends and family since being

released from imprisonment support this conclusion. For the reasons stated below, this Court continues to believe that good behavior on supervised release is not sufficient grounds for early termination in a case such as this and that supervised release remains beneficial in ensuring Lynn does not fall back into old habits of criminal conduct. Thus, for the reasons discussed fully below, Lynn's second Motion for Early Termination of Supervised Release [17] is denied.

## II. DISCUSSION & ANALYSIS

A court may terminate a term of supervised release after one year of supervised release has been served if it finds "such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C § 3583(e). Courts are directed to look at the factors under 18 U.S.C. § 3553(a) to assist in making this determination. *Id.* After considering these factors in Lynn's previous Motion for Early Termination of Supervised Release [4], this Court determined that the factors weighed against granting a termination of supervised release. *Lynn*, 2022 WL 2446328 at *3-5.

Rather than addressing the Section 3553 factors, providing new information, or otherwise rebutting the Government's argument, Lynn's current Motion for Early Termination of Supervised Release primarily relies on his "outstanding performance on supervised release." [17], pg. 4. However, "mere compliance with the terms of release is expected, and without more, insufficient to justify early termination under 18 U.S.C. § 3583(e)." *United States v. Taylor*, 729 F. App'x 474, 475 (7th Cir. 2018); *see also United States v. Webb* No. 1:06-CR-30(2), 2024 WL 2805306, at *2 (E.D. Tex. May 31, 2024) ("Model prison conduct and full compliance with the terms of supervised release is what is expected of a person under the magnifying glass of supervised release and does not warrant early termination.") (quoting *United States v. McKay*, 352 F.Supp.2d 359, 361 (E.D.N.Y 2005)).

Moreover, Lynn's pending Motion fails to identify any reason that changes this Court's prior analysis—particularly in light of the nature and circumstances of his offense as well as his history and

3

characteristics, which include numerous felonies. Although Lynn has had the support of friends, family, and law enforcement, and appears to be living a law-abiding life, the Section 3553 factors weigh against early termination of his supervised release. To be sure, supervised release does not appear to interfere with Lynn's ability to obtain adequate healthcare, interact with his family, secure work, or otherwise return to society. [17], pp. 2-4. The Court commends Lynn's law-abiding conduct and efforts to successfully transition back into society; however, this conduct does not warrant termination of Lynn's supervised release. It is of the opinion of the Court that continuing the term of supervised release will assist in Lynn's rehabilitation and safeguards against future criminal conduct.

### III. CONCLUSION

For the reasons set forth in this opinion, the Defendant Richard J. Lynn's Motion to Terminate Supervised Release is denied.

This the 23rd day of October, 2025.

_____
TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE